Tdkley, J.
delivered the opinion of- the court.
This is a case of garnishment. Goodrich, the garnishee, answers: “That Killdrew deposited in his hands $70 in specie, to tender in payment to N. D. Elliott, as the redemption mo - ney of a tract of land belonging to him, Killdrew, previously bought by him, Elliott, at execution sale; that he afterwards tendered the same to Elliott, which he declined to receive; but expressed a wish to receive the same, and credit Killdrew with the amount on some other demand against him, which he, Goodrich, refused to permit; that a suit is now pending in the chancery court at Clarksville, involving the legality of the tender and Killdrew’s right of redemption of the land from Elliott; and that the money is still in his hands.”
Kpon this statement, is the fund in the garnishee’s hands liable under the execution in favor of Elliott & Lea? We think not. If the controversy between Killdrew and Elliott, in relation to the redemption of the land, be determined in Killdrew’s favor, the money of right belongs to Elliott; and if it be appropriated to the execution of Elliott & Lea, Elliott loses it. We look upon this money, somewhat as if it were *516 in custodia legis, and think that it ought, of right, to have been paid into the chancery court when the bill was filed, so that Elliott, upon change of mind, might have taken it out, or at least have had it ready for reception if the court shall hold that there is in Killdrew a right to redeem.
We, therefore, reverse the judgment of the circuit court, and discharge the garnishee with his legal costs, &c.